UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

ANTHONY HABERLI
8624 County Road C
Sturgeon Bay, Wisconsin 54235

    Plaintiff,

  v.

IRON WORKS CONSTRUCTION LLC
8953 State Highway 57
Baileys Harbor, Wisconsin 54202

    and

IRON WORKS CONSTRUCTION COMPANY
OF BAILEYS HARBOR INC.
8953 State Highway 57
Baileys Harbor, Wisconsin 54202

    and

MICHAEL E. COLE
8953 State Highway 57
Baileys Harbor, Wisconsin 54202

    Defendants

Case No.: 20-cv-473

**JURY TRIAL DEMANDED**

---

## COMPLAINT

COMES NOW Plaintiff, Anthony Haberli, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside and/or operate their businesses in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Anthony Haberli, is an adult male resident of the State of Wisconsin with a post office address of 8624 County Road C, Sturgeon Bay, Wisconsin 54235.

5. Defendant, Iron Works Construction LLC, was, at all material times herein, a commercial entity with a principal address of 8953 State Highway 57, Baileys Harbor, Wisconsin 54202.

6. Defendant, Iron Works Construction Company of Baileys Harbor Inc., was, at all material times herein, a commercial entity with a principal address of 8953 State Highway 57, Baileys Harbor, Wisconsin 54202.

7. Defendant Iron Works Construction and Defendant Iron Works Construction Company of Baileys Harbor Inc. are construction companies operating throughout the State of Wisconsin.

8. Defendant, Michael E. Cole, was, at all material times herein, an individual resident of the State of Wisconsin with a principal business address of 8953 State Highway 57, Baileys Harbor, Wisconsin 54202.

9. Defendant Cole owns, operates, and manages Defendant Iron Works Construction and Defendant Iron Works Construction Company of Baileys Harbor Inc.

10. During the relevant time periods as stated herein, Defendant Iron Works Construction was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

11. During the relevant time periods as stated herein, Defendant Iron Works Construction Company of Baileys Harbor Inc. was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

12. During the relevant time periods as stated herein, Defendant Iron Works Construction employed more than two (2) employees.

13. During the relevant time periods as stated herein, Defendant Iron Works Construction Company of Baileys Harbor Inc. employed more than two (2) employees.

14. During the relevant time periods as stated herein, Defendant Iron Works Constructions' annual dollar volume of sales or business exceeded $500,000.

15. During the relevant time periods as stated herein, Defendant Iron Works Construction Company of Baileys Harbor Inc.'s annual dollar volume of sales or business exceeded $500,000.

16. During the relevant time periods as stated herein, Defendants were an "employer" as that term is defined under the FLSA and the WWPCL.

17. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendants, as these terms are defined under the FLSA and the WWPCL.

18. During the relevant time periods as stated herein, Defendant Cole was an "employer" as that term is defined under the FLSA and/or the WWPCL.

19. During Plaintiff's employment with Defendants, Defendant Cole supervised Plaintiff's day-to-day activities.

20. During Plaintiff's employment with Defendants, Defendant Cole had the ability and authority to (and actually did), hire, terminate, promote, demote, and/or suspend Plaintiff.

21. During Plaintiff's employment with Defendants, Defendant Cole had the ability and authority to (and actually did), review Plaintiff's work performance.

22. During Plaintiff's employment with Defendants, Defendant Cole established the work rules, policies, and procedures by which Plaintiff abided while performing compensable work for Defendants, on behalf of Defendants, and/or at Defendants' direction.

23. During Plaintiff's employment with Defendants, Defendant Cole controlled the terms and conditions of Plaintiff's employment.

24. During Plaintiff's employment with Defendants, Defendant Cole established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

25. During Plaintiff's employment with Defendants, Defendant Cole tracked and/or recorded Plaintiff's hours of work.

26. During Plaintiff's employment with Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce.

27. During Plaintiff's employment with Defendants and in furtherance of his job duties and responsibilities as part of Defendants' business practice, Plaintiff regularly performed compensable work with goods or products that crossed state lines.

## GENERAL ALLEGATIONS

28. On or about December 11, 2019, Plaintiff commenced employment with Defendants in the position of Laborer / Construction Worker in the State of Wisconsin.

29. At the commencement of Plaintiff's employment with Defendants, Defendant Cole agreed to compensate Plaintiff with an hourly rate of pay of $20.00 for any and all worked performed each workweek.

30. During Plaintiff's employment with Defendants, Plaintiff's primary job duty was performing manual labor.

31. During the entirety of Plaintiff's employment with Defendants, Plaintiff reported directly to Defendant Cole, the owner and operator of Defendant Iron Works Construction and Defendant Iron Works Construction Company of Baileys Harbor Inc.

32. During the entirety of Plaintiff's employment with Defendants, Plaintiff performed compensable work on behalf of Defendants, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge in the State of Wisconsin.

33. During Plaintiff's employment with Defendants, Plaintiff frequently worked in excess of forty (40) hours per workweek.

34. During Plaintiff's employment with Defendants, Defendant Cole knew and/or was aware that Plaintiff frequently worked in excess of forty (40) hours per workweek.

35. During Plaintiff's employment with Defendants, Plaintiff was not an officer or director of Defendants.

36. During Plaintiff's employment with Defendants, no employees of Defendants reported directly to Plaintiff, and Plaintiff did not customarily and regularly direct the work of any of Defendants' employees.

37. On or about March 5, 2020 was Plaintiff's last day of work with Defendants.

38. During Plaintiff's employment with Defendants, Defendants did not have an established workweek for FLSA and/or WWPCL purposes.

39. During the entirety of Plaintiff's employment with Defendants, Plaintiff was a non-exempt employee under the FLSA and WWPCL.

40. During the entirety of Plaintiff's employment with Defendants, Plaintiff performed non-exempt job duties under the FLSA and WWPCL.

41. During Plaintiff's employment with Defendants, Plaintiff accurately tracked and/or recorded his hours worked each workweek via Defendants' timesheets, titled "Iron Works Time Card."

42. During Plaintiff's employment with Defendants, Defendant Cole received, collected, and/or possessed Plaintiff's completed timesheets, titled "Iron Works Time Card," each workweek detailed, stating, and/or identifying Plaintiff's hours worked each workweek.

43. Upon information and belief and during Plaintiff's employment with Defendants, Defendants compensated Plaintiff for (portions of) hours worked and work performed during (some of the) workweeks that comprised the month of January 2020. Otherwise, during the remainder of Plaintiff's employment with Defendants and despite Defendants' knowledge that Plaintiff performed compensable work during each workweek during his employment with

Defendants, including frequently working in excess of forty (40) hours per workweek, Defendants failed to compensate Plaintiff for *any* hours worked and work performed during these workweeks, including but not limited to with a minimum wage of at least $7.25 for each hour worked, at Plaintiff's regular and agreed-upon hourly rate of pay for less than forty (40) hours worked in a workweek, and/or at an overtime rate of pay for hours worked in excess of forty (40) in a workweek.

44. During numerous workweeks during Plaintiff's employment with Defendants, Defendants did not compensate Plaintiff for any and all hours worked or work performed each workweek, including but not limited to with a minimum wage of at least $7.25 for each hour worked, at Plaintiff's regular and agreed-upon hourly rate of pay for less than forty (40) hours worked in a workweek, and/or at an overtime rate of pay for hours worked in excess of forty (40) in a workweek.

45. During numerous workweeks during Plaintiff's employment with Defendants, Defendants suffered or permitted Plaintiff to work without compensating Plaintiff for any and all hours worked or work performed, including but not limited to with a minimum wage of at least $7.25 for each hour worked, at Plaintiff's regular and agreed-upon hourly rate of pay for less than forty (40) hours worked in a workweek, and/or at an overtime rate of pay for hours worked in excess of forty (40) in a workweek.

46. During Plaintiff's employment with Defendants, Defendants knew or should have known that Plaintiff must be compensated for any and all hours worked (and for any and all hours Defendants suffered or permitted him to work) in a workweek in accordance with the FLSA and WWPCL.

47. Defendants had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which they were aware and/or of which they should have been aware.

48. Defendants owe Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendants for which Plaintiff was not properly and lawfully compensated, in an amount that remains to be determined, plus an equal amount for liquidated damages and attorneys' fees and costs.

### FIRST CAUSES OF ACTION – FLSA VIOLATIONS
### (MINIMUM WAGES AND OVERTIME)

49. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

50. Section 206(a)(1) of the FLSA regulates, among other things, the payment of an minimum wage by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

51. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

52. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

53. Defendants intentionally violated the FLSA by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for all hours worked each workweek during his employment with Defendants.

54. Defendants intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek during his employment with Defendants because Plaintiff primarily performed non-exempt job duties in each workweek while he was employed by Defendants and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

55. Defendants' failure to properly and legally compensate Plaintiff for all compensable work performed at a minimum rate of pay and at an overtime rate of pay during workweeks when he worked more than forty (40) hours was willfully perpetrated. Defendants have neither acted in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum and overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay minimum and overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

56. As a result of the aforesaid willful violations of the FLSA's provisions, minimum wages and overtime compensation has been unlawfully withheld from Plaintiff by Defendants.

57. Plaintiff is entitled to damages equal to the minimum wages and overtime compensation due and owing to him within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendants.

58. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## SECOND CAUSES OF ACTION – WWPCL VIOLATIONS
## (MINIMUM WAGES AND OVERTIME PAY)

59. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

60. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

61. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

62. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

63. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities at the hourly rate of $7.25 and/or at an overtime rate of pay for hours worked in excess of forty (40) in a workweek.

64. Defendants willfully and intentionally violated the WWPCL by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for all hours worked each workweek during his employment with Defendants.

65. Defendants willfully and intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek during his employment with Defendants because Plaintiff primarily performed non-exempt job duties in each workweek while he was employed by Defendants and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

66. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

67. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

### THIRD CAUSE OF ACTION – WWPCL VIOLATIONS
### (FAILURE TO PAY AN AGREED-UPON WAGE)

68. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

69. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

70. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

71. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

72. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities at his previously agreed-upon rate of pay with Defendants.

73. During Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff for any and all hours worked and work performed, including but not limited to with agreed-upon wages as defined in Wis. Stat. § 109.01(3), by failing to compensate Plaintiff with his agreed-upon hourly rate of pay, $20.00 per hour, for any and all hours worked and work performed each workweek during his employment with Defendants, in violation of the WWPCL.

74. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

75. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

76. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by providing reimbursement for unpaid wages – including but not limited to minimum wages, overtime wages, and agreed-upon wages – for pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid by Defendants under the FLSA and WWPCL;

2. Grant to Plaintiff liquidated damages against Defendants;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 24th day of March, 2020

        WALCHESKE & LUZI, LLC
        Counsel for Plaintiff

        **s/ *Scott S. Luzi*** _____
        Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: sluzi@walcheskeluzi.com